NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PIERCE MORGAN, et al., | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. 06-1080 (JAP) |
| FORD MOTOR COMPANY, et al. | : | **OPINION** |
| Defendants. | : | |

PISANO, District Judge.

On July 6, 2006, the Court entered an order denying Plaintiffs' motion to remand this case for lack of subject matter jurisdiction. The Court found that the Defendants had properly removed the case from state court under the federal officer removal statute. Currently before the Court is Plaintiffs' motion pursuant to 28 U.S.C. § 1292(b) to certify the Court's decision denying Plaintiffs' motion to remand for immediate interlocutory appeal. Defendants Ford Motor Company, Ford International Services, Inc. and Ringwood Realty Corporation (collectively, the "Ford Defendants") and Defendants Woodward-Clyde Consultants, URS Corporation, URS Group, Inc., URS Greiner Woodward-Clyde, Inc., URS Greiner Woodward-Clyde International-Americas, Inc. and URS Greiner Woodward Clyde Consultants, Inc. (collectively, the "URS Defendants") oppose the motion. For the reasons set forth below, Plaintiffs' motion for certification of the remand question resolved in the Court's July 6, 2006 order will be denied.

I.   Discussion

    A.   The Court's Ruling on Plaintiffs' Remand Motion

The central question the Court considered in deciding Plaintiffs' remand motion was whether Defendants properly removed this lawsuit to federal court under 28 U.S.C. § 1442(a), the federal officer removal statute. The statute provides in pertinent part: "A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof. . . for any act under color of such office . . ." 28 U.S.C. § 1442(a). To establish removal jurisdiction under section 1442(a)(1), a defendant must establish that (1) it is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed under color of a federal office. Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir. 1998).

The Court applied this standard to the facts of this case and concluded that Defendants established an appropriate basis for removal. First, the Court noted that it was conceded that Defendants were "persons" within the meaning of the statute. Second, the Court concluded that Plaintiffs' claims were based upon the Defendants' conduct acting under a federal office. Specifically, the Court found that (1) an administrative consent order (the "consent order") gave the EPA the authority to require remedial conduct at the site by the Defendants; (2) the consent order was supplemented, amended and continued to be in force and, as was represented,

continued to be the subject of daily contact at the site by representatives of the EPA and of the Defendants; (3) the EPA required remedial conduct, the consent order was enforceable against the Defendants, and the terms of the consent order required detailed plans for the remediation that was being proposed by Defendants and required the submission of Feasibility Studies; and (4) the consent order provided for the EPA to enter the premises, required a representative of the EPA to be present on the site, and gave the EPA the ability to determine whether or not the Defendants complied with its terms.  Third, the Court concluded that a colorable federal defense was established under the circumstances.  Finally, the Court concluded that because the complaint alleged negligence in the very performance that was required by the Defendants under the consent order, a causal nexus existed between the Plaintiffs' claims and Defendants' conduct performed under the color of the federal office.

### B. Standard

The denial of a motion to remand is interlocutory and is generally not appealable.  In certain circumstances, however, federal law permits appeals of interlocutory orders.  Under 28 U.S.C. § 1292(b), a court can certify its order for interlocutory appeal if the Court's order (1) involves a controlling question of law; (2) offers substantial ground for difference of opinion as to its correctness and; (3) if appealed immediately, would materially advance the ultimate termination of the litigation.  Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).  A moving party must demonstrate that all three criteria are met before certification may be granted.  See In re School Asbestos Litig., 977 F.2d 764, 777 (3d Cir. 1992).  Interlocutory appeal under Section 1292(b), however, is to be "used sparingly" and only in "exceptional" circumstances that justify a departure from the basic policy of postponing review until the entry of the final order.

3

Hulmes v. Honda Motor Co., 936 F.Supp. 195, 208 (D.N.J. 1996) aff'd 141 F.3d 1154 (3d Cir. 1998). Thus, even if all three criteria under Section 1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion. Swint v. Chambers County Com'n, 514 U.S. 35, 47 (1995); Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976). The party seeking interlocutory review has the burden of persuading the court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 74 (1996).

    C.    **Analysis**

        1.    **A Controlling Question of Law**

The Court must first address the question of whether Plaintiffs have established the existence of a "controlling question of law." The Third Circuit Court of Appeals has held that a "controlling question of law" is one in which, either: (1) if decided erroneously, would lead to reversal on appeal; or (2) is "serious to the conduct of the litigation either practically or legally." See Katz, 496 F.2d at 755 (citations omitted); see Public Interest Research Group of N.J., Inc. v. Hercules, Inc., 830 F.Supp. 1549, 1554 (D.N.J. 1993). Courts in this district have held that although a question appears to be a controlling question of law, questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b). Fiscus v. Combus Finance AG, No. 03-1328, 2006 WL 2845736, at *2 (D.N.J. Sept. 28, 2006) (citing Kapossy v. McGraw-Hill, Inc., 942 F.Supp. 996, 1001 (D.N.J. 1996)). In Kapossy, the court held that § 1292(b) was not intended to put legal questions before the court of appeals "in which the exercise of the district court's discretion

[was] necessarily intertwined with its understanding of the facts of the case. . ." Kapossy, 942 F.Supp. at 1002.

The Court is not persuaded that Plaintiffs have presented a "controlling question of law" as to the Court's conclusion that removal was proper in this case. Plaintiffs essentially argue that the Court was incorrect in finding that Defendants established that a "causal nexus" existed between Plaintiffs' claims and Defendants' conduct performed pursuant to EPA directives. Although Plaintiffs argue that they present a question of pure law, the Court's conclusion rests upon the application of facts to the legal standard identified in Feidt. Questions about the district court's application of the facts of a case to established legal standards are not controlling questions of law for purposes of section 1292(b). See Kapossy, 942 F.Supp. at 1001. Further, mere disagreement with the Court's conclusion does not constitute a controlling question of law warranting an interlocutory appeal. Therefore, the Court finds that Plaintiffs have not presented a controlling question of law for purposes of section 1292(b) certification.

### 2. Substantial Ground for Difference of Opinion

Next, this Court must address whether Plaintiffs have demonstrated the existence of a "substantial ground for difference of opinion." In order to show that a substantial ground for difference of opinion exists, a moving party must demonstrate that the court applied one legal standard and that "other courts have substantially differed in applying that standard." See Harter v. GAF Corp., 150 F.R.D. 502, 518 (D.N.J. 1993). A mere difference of opinion as to the court's discretionary findings or conclusions does not constitute a substantial ground for difference of opinion. See Kapossy, 942 F.Supp. at 1001. Rather, the difference of opinion must arise out of genuine doubt as to the correct legal standard. See id. For example, a moving party's citation to

5

numerous conflicting decisions on the same issue might constitute a sufficient basis for the finding that substantial differences of opinion exist. <u>Fiscus</u>, 2006 WL 2845736, at *3 (citing <u>White v. Nix</u>, 43 F.3d 374, 378 (8th Cir. 1994) (finding that conflicting and contradictory opinions provide substantial ground for a difference of opinion)).

The Court finds that Plaintiffs have not demonstrated the existence of a substantial ground for difference of opinion. Although Plaintiffs cite to decisions that they claim conflict with the Court's application of the "causal nexus" requirement for federal officer jurisdiction, the Court is unpersuaded that a substantial ground for difference of opinion exists justifying interlocutory review. Rather, as explained above, Plaintiffs have expressed mere disagreement with the Court's ruling that does not warrant an interlocutory appeal. See <u>Kapossy</u>, 942 F. Supp. at 1001. A party stating its difference of opinion with respect to the Court's discretionary findings does not constitute a substantial ground for difference of opinion. See <u>id.</u>

### 3. Materially Advance the Ultimate Termination of the Litigation

The final element the Court must address is whether Plaintiffs have demonstrated that an immediate appeal would materially advance the ultimate termination of this litigation. Plaintiffs argue that a successful appeal would result in a waste of time and resources because the case would need to be relitigated in state court if the appellate court were to find a lack of subject matter jurisdiction. The Court finds, however, that the burden of relitigation alone is an insufficient basis for an interlocutory appeal. See <u>Kirkland & Ellis v. CMI Corp.</u>, No. 95 C 7457, 1996 WL 674072, at *4 (N.D. Ill. Nov. 19, 1996). Further, it is clear that an immediate appeal of the Court's denial of Plaintiffs' remand motion will not end this litigation. Therefore, Plaintiffs have not demonstrated that an immediate appeal would materially advance the ultimate

6

termination of this litigation.

## II. Conclusion

For the reasons stated above, the Court denies Plaintiffs' motion pursuant to 28 U.S.C. § 1292(b) to certify the Court's decision denying Plaintiff's motion to remand for immediate interlocutory appeal. An appropriate order accompanies this opinion.

Dated:    January 25, 2007                              /s/ JOEL A. PISANO
                                                        United States District Judge