NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PIERCE MORGAN, et al., | : |
| Plaintiffs | : |
| v. | Civ. No. 06-1080 (JAP) |
| FORD MOTOR COMPANY, et al., | OPINION |
| Defendants. | : |

PISANO, District Judge.

Currently before the Court is Defendants' motion to dismiss certain Plaintiffs' claims for failure to prosecute under Fed. R. Civ. P. 41(b). No opposition has been filed. The Court has jurisdiction under 28 U.S.C. § 1331. For the reasons discussed below, the Court grants Defendants' motion.

**I. BACKGROUND**

On March 8, 2007, the Court entered an Order granting Counsel for Plaintiffs' motion to withdraw as attorney for certain Plaintiffs based on those Plaintiffs' failure to cooperate with their counsel.[1] The Court also ordered that the Affected Plaintiffs either secure new counsel to enter an

---

[1] Defendants refer to the Plaintiffs affected by the Court's March 8, 2007 Order and identified by Plaintiffs' Counsel in Exhibit 1 to Plaintiffs' Counsel's January 31, 2007 motion to withdraw as the "Affected Plaintiffs." The Court will also refer to such Plaintiffs as the "Affected Plaintiffs." The Affected Plaintiffs are Richard Boddy, Gloria Butler, Spring Casterlow, Rose Corter, Ayane Cox, Floyd DeFreese, Marlin DeFreese, Carolann DeGroat, Denise DeGroat, Albert Duncan, Emily Forgiarini, Arlene Mann, Cassandra Mann, Geneva Mann, Gerald Mann, Gerald William Mann, Grace Ann Mann, Kandy Mann, Markese Mann, Roger Mann, Sara Mann, Bernadine Milligan, Channing Milligan, Clara Milligan, Dennis Milligan Jr., Jimmy Milligan, Keiona Milligan, Travon Milligan, Billy Joe Morgan, Jose Ortiz Jr., Roxanna Parker, Keith Sillsbury, Roger Sillsbury, Donna Skinner, Sonja Stefancik, Carolyn

appearance or enter an appearance *pro se* no later than April 9, 2007. The Court granted Defendants leave to file a motion to dismiss for failure to prosecute with respect to the claims of any Affected Plaintiff who failed either to secure new counsel to enter an appearance or to enter an appearance *pro se* by April 9, 2007.

After the Affected Plaintiffs failed to either secure new counsel to enter an appearance or to enter an appearance *pro se*, Defendants brought the instant motion to dismiss.

## II. DISCUSSION

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or of any order of court . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *United States of America v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 161 (3d Cir. 2003); *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Failure to prosecute does not require that a party take affirmative steps to delay the case. Rather, a failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution. *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 875 (3d Cir. 1994); *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640-41 (1976).

In *Poulis v. State Farm Fire and Casualty Co.* 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit listed several factors that a district court must consider and balance before dismissing a

---

Thompson, Frank Thompson, Gregory Thompson, Jeffrey Thompson, Romona Thompson, Thomas J. Thompson Jr., Aaron Van Dunk, Anthony B. Van Dunk, Christopher Van Dunk, Daryl Van Dunk, Eric Van Dunk, Heath Van Dunk, Kimara Van Dunk, Mandy Van Dunk, Miles Van Dunk, Nicki Van Dunk, Perry Van Dunk, Rachel Van Dunk, Shamir Van Dunk, Shanae Van Dunk, and Sue Westerhoff.

complaint: 1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions, and (6) the meritoriousness of the claim or defense.  While all of the *Poulis* factors must be considered, they do not all need to be met for a district court to find that dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

Having considered the factors listed above, the Court finds that the Affected Plaintiffs' failure to prosecute their case warrants dismissal under Fed. R. Civ. P. 41(b).  First, as emphasized in the Court's March 8, 2007 Order, the Affected Plaintiffs have not aided their own attorneys in the prosecution of this case or participated in their own claims against Defendants. Second, the Affected Plaintiffs bear personal responsibility for their failure to notify the Court by April 9, 2007 as to whether they have secured new counsel to enter an appearance or to enter an appearance *pro se*.  Third, the Affected Plaintiffs' conduct has been willful– they have not responded either to the Court's Order directing them to secure new counsel or to enter an appearance *pro se*.  Nor did they respond to their former counsel's requests for communication. Moreover, the Court finds that alternative sanctions will not likely be effective, and that the Affected Plaintiffs' inaction in prosecuting their cases will prejudice Defendants if the Affected Plaintiffs' claims are not dismissed.

## III. CONCLUSION

Based on the foregoing, the Affected Plaintiffs' claims are dismissed for failure to prosecute. An appropriate order accompanies this opinion.

Dated: June 14, 2007                                             /s/ Joel A. Pisano
                                                          JOEL A. PISANO, U.S.D.J.