NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PIERCE MORGAN, et al., : | |
| : | |
| Plaintiffs, : | |
| v. : | CIVIL ACTION NO. 06-1080 (JAP) |
| : | |
| FORD MOTOR COMPANY, et al. : | |
| : | **OPINION** |
| Defendants. : | |

PISANO, District Judge.

On January 18, 2006, Plaintiffs, who are current and former residents of the Borough of Ringwood, New Jersey, filed a lawsuit in the Superior Court of New Jersey, Law Division, Passaic County against various Defendants including Ford Motor Company and Ford International Services, Inc. (referred to collectively as "Ford").  Among Plaintiffs' claims, Plaintiffs alleged that Ford "failed to investigate and remediate the true extent and magnitude of contamination at the [Ringwood Mines Landfill] Site notwithstanding the specific knowledge they possessed concerning the extent of the contamination." (Compl. ¶ 88).  Ford removed the matter to federal court under the federal officer removal statute, which permits removal of an action against "any officer (or any person acting under that officer) of the United States or of any agency thereof . . ." 28 U.S.C. § 1442(a)(1).  In its removal petition, Ford stated that "the Ford Defendants' activities at the Ringwood Site were governed by consent orders entered into with the EPA pursuant to CERCLA and the NCP, and the Ford Defendants were therefore acting under the direction of a federal officer." (Notice of Removal at 6).

Plaintiffs filed a motion to remand the matter to state court. The Court denied the motion to remand, concluding that subject matter jurisdiction existed based upon the federal officer removal statute, and that removal had therefore been proper. On January 25, 2007, the Court denied Plaintiffs' motion to certify the Court's decision denying the motion to remand for immediate interlocutory appeal.

In light of the recent opinion of the United States Supreme Court in *Watson v. Philip Morris Cos., Inc.*, 127 S. Ct. 2301 (2007), the Court entered an order requiring the parties to revisit the issue concerning the Court's subject matter jurisdiction based on the federal officer removal statute. In *Watson*, the Supreme Court held that the fact that a federal agency directs, supervises, and monitors a company's activities in considerable detail does not bring that company within the scope of the "acting under" language in the federal officer removal statute. *Id.* at 2304. The Supreme Court stated:

> . . . a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone. A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored.

*Id.* at 2308. The Supreme Court reversed the decision of the Court of Appeals for the Eighth Circuit, which had held that Philip Morris could invoke the federal officer removal statute on the basis that it was complying with a federal regulation.

Ford's arguments against remand relied upon reasoning that the Supreme Court ultimately rejected in *Watson,* and the Court finds Defendants' recent arguments to the contrary unavailing. Specifically, Ford had argued that because its conduct was governed by a series of

administrative consent orders and it was doing exactly what the Environmental Protection Agency told it to do, it was thus acting under the direction of a federal officer and was entitled to remove the case to federal court under the federal officer removal statute.  As the Supreme Court held in *Watson*, however, the fact that the federal government is directing, supervising and monitoring a company's activities does not necessarily allow the company to remove a case to federal court on the basis that the company is "acting under" an "officer" of the United States. *Id*. at 2304.  Although the Court recognizes that the precise issue before the Supreme Court in *Watson* concerned compliance with a federal regulation, and not compliance with a consent order, the Court nonetheless finds *Watson* controlling.  The Court is also mindful of the Supreme Court's emphasis regarding the history and purpose of the federal officer removal statute.  *See id.* at 2305-07.  The Supreme Court explained that although the statute is to be "liberally construed," its broad language is not limitless, and "a liberal construction nonetheless can find limits in a text's language, context, history, and purposes." *Id.* at 2305.

Upon considering the arguments asserted by the parties, and in light of *Watson*, the Court concludes that the federal officer removal statute does not provide Defendants with a basis for removal in this case.  Because the Court finds that it lacks subject matter jurisdiction, it must remand the case to state court.  An appropriate order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: July 23, 2007